**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO BARAJAS, #48024-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-2078-L-BK** |
| | § | **(Criminal No. 3:14-CR-148-L-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge.  Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.[1]

**I. BACKGROUND**

In November 2014, Petitioner pled guilty to conspiracy to distribute a controlled substance and, in May 2015, was sentenced to 140 months' imprisonment and a four-year term of supervised release.  Crim. Doc. 95; Crim. Doc. 210.  Petitioner did not file a direct appeal and, the Court subsequently denied a motion to reduce sentence under the 2014 Drug Guidelines Amendment.  Crim. Doc. 273.  On July 15, 2016, Petitioner filed a *pro se* motion to vacate sentence, seeking relief based on the holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee

of due process.[2]  Doc. 2.  Petitioner then filed a motion to stay pending the Supreme Court's

decision in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___

U.S. ___, ___ U.S. ___, 136 S. Ct. 2510 (2016).  Doc. 3.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. §

2255, which the Court may consider *sua sponte* after providing notice and an opportunity to

respond.[3]  *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006)

(addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

### A.  Limitations

Petitioner apparently relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-

year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly

untimely.  More than one year has elapsed since his conviction first became final in May 2015.

*See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the

applicable period for seeking direct review of a conviction has expired); Fed. R. App. P.

4(b)(1)(A) (setting out time to file a direct appeal).[4]

---

[2] The Court deems the section 2255 motion filed on June 19, 2016, the date Petitioner signed it
and presumably placed it in the prison mailing system.  Doc. 2 at 23.  *See* Rule 3(d) of the Rules
Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's
mail system).

[3] The 14-day statutory objection period will provide Petitioner an opportunity to respond.

[4] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which
the right asserted was initially recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively applicable to cases on collateral

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing without change) calculated Petitioner's base offense level for drug possession and the two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1. *See* Crim. Doc. 127-1 at 14, PSR ¶¶ 53-54; Crim. Doc. 211 at 1, Statement of Reasons (SOR).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision of the Sentencing Guidelines, *see Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016), as previously noted, Petitioner was not sentenced as a career offender. Because Petitioner's claims are not premised on a penal statute or Sentencing Guidelines provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*, section 2255(f)(3) is not applicable in this case.[5]

Consequently, the section 2255 motion is clearly outside the one-year limitations period absent equitable tolling.

**B.  Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See*

---

review." The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

[5] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[6]

**SIGNED** November 30, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[6] Contemporaneously with this recommendation, the undersigned terminates the motion to stay pending the Supreme Court's decision in *Beckles*.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE