IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALEJANDRO BARAJAS, #48024-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-2078-L** |
| | § | (Criminal No. 3:14-CR-148-L-1) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This habeas case, which was brought pursuant to 28 U.S.C. § 2255, was referred to Magistrate Judge Renee Harris Toliver, who entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on November 30, 2016, recommending that the court dismiss the Section 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, as time barred, and dismiss this action with prejudice. No objections were filed to the Report. Having reviewed the Report and the record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** as time-bared Petitioner's Formal Petition in Seeking Sentence Relief Under Habeas Corpus Remedy with Consideration for New Constitutional law of [the] United States Supreme Court All as Applicable Under Title 28 U.S.C. [] § 2255(f)(3) Upon Collateral Review (Doc. 2); and **dismisses with prejudice** this action. The clerk shall term any matters pending in this case.

**Order – Page 1**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 21st day of December, 2016.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**